# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 10, 2022

Lyle W. Cayce
Clerk

No. 21-60612
Summary Calendar

SEALED PETITIONER,

*Petitioner,*

*versus*

SEALED RESPONDENT,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A201 166 300

Before STEWART, DUNCAN, and WILSON, *Circuit Judges.*

PER CURIAM:*

Petitioner, a native and citizen of Mexico, petitions for review of the order by the Board of Immigration Appeals (BIA) dismissing an appeal from an order of the immigration judge (IJ) denying him deferral of removal under the Convention Against Torture (CAT), 8 C.F.R. § 1208.17.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

We review the BIA's decision and will consider the IJ's underlying decision only if it impacted the BIA's decision, as it did here. *See Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013). Findings of fact, including the denial of CAT protection, are reviewed under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under the substantial evidence standard, we may not reverse a factual finding unless the evidence "compels" such a reversal—i.e., the evidence must be "so compelling that no reasonable factfinder could reach a contrary conclusion." *Id.* Conclusions of law, including whether we have jurisdiction, are reviewed de novo. *Arulnanthy v. Garland*, 17 F.4th 586, 592 (5th Cir. 2021).

Although Petitioner has already been removed to Mexico, his claim is not moot because he faces an automatic period of inadmissibility following his removal, which is a collateral legal consequence. *See id.*; 8 U.S.C. § 1182(a)(9)(A). Thus, we have jurisdiction to hear Petitioner's case. *See FDIC v. Belcher*, 978 F.3d 959, 961 n.1 (5th Cir. 2020) (stating that mootness is a jurisdictional issue). Additionally, Petitioner is incorrect that, pursuant to 8 U.S.C. § 1252(a)(2)(C), we lack jurisdiction to review questions of fact because of his criminal conviction. *See Nasrallah v. Barr*, 140 S. Ct. 1683, 1690 (2020) (holding that § 1252(a)(2)(C) does not "preclude judicial review of factual challenges to CAT orders").

Petitioner has failed to establish that the record compels a finding contrary to that of the BIA—that he would not be tortured by or with the acquiescence of the Mexican government upon removal. *See Chen*, 470 F.3d at 1134; *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 351 (5th Cir. 2006) (holding that "neither the failure to apprehend the persons threatening the alien, nor the lack of financial resources to eradicate the threat or risk of torture constitute sufficient state action for purposes" of CAT). Because he cannot satisfy the state action requirement of his CAT claim, we need not reach his other issues on review. *See INS v. Bagamasbad*, 429 U.S. 24, 25

(1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Accordingly, Petitioner's petition for review is DENIED.